# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| **Alonzo Devon White,** <br>     **Petitioner,** <br> <br> v. <br> <br> **Warden,** <br>     **Respondent.** | ) <br> ) <br> ) <br> )   No. 1:24cv406 (PTG/WEF) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION

Alonzo Devon White ("Petitioner" or "Mr. White"), a Virginia inmate proceeding *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. He is challenging the validity of the July 26, 2018 judgment order entered by the Circuit Court of Spotsylvania County, Virginia wherein he was sentenced for four convictions: possession of a firearm by a violent convicted felon, two counts of unlawful wounding, and unlawful shooting into an occupied motor vehicle. *Id.* at 1. On September 9, 2024, Respondent filed a Rule 5 Answer and a Motion to Dismiss, with a supporting brief and exhibits. Dkts. 9–12. On November 25, 2024, the Court advised Mr. White of his right to respond pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), but he has not responded. Dkt. 13. Accordingly, this matter is now ripe for disposition and, for the reasons that follow, Respondent's Motion to Dismiss must be granted and the petition will be dismissed with prejudice.

## I. Procedural History

On March 30, 2018, a jury convicted Mr. White of possession of a firearm by a violent convicted felon, in violation of Code § 18.2–308.2, two counts of unlawful wounding, in violation of Code § 18.2–51, and unlawful shooting into an occupied motor vehicle, in violation of Code § 18.2– 154. Dkt. 10-1 at 1. On July 26, 2018, the circuit court sentenced him to a total of twelve years and twelve months in prison. *Id.* at 3. The judgment was entered that same day. *Id.*

Mr. White, by counsel, filed a petition for appeal in the Virginia Court of Appeals that raised a single allegation of error: "The Trial Court erred in granting the Commonwealth's Self Defense With Fault jury instruction over Appellant's objection when the Commonwealth failed to present a scintilla of evidence that Appellant was at least partially at fault." Dkt. 9-1 at 12. On May 15, 2019, the court denied the petition for appeal. *White v. Commonwealth*, Record No. 1321-18-2; Dkt. 9-1 at 48–52. The order denying the petition, summarized the evidence as follows:

> On October 4, 2017, Leandru Toney, Brandy Bailey, and two other passengers drove to a motel in Spotsylvania County "specifically looking for [appellant]."[1] Upon seeing him, Toney got out of the car, and "had a few words with [appellant]." The confrontation escalated, and Toney and appellant "were yelling at each other." Appellant then "pulled out a gun, shot at [Toney], and then pointed it towards [Bailey] and shot at [her]."
>
> At appellant's trial, Bailey testified that after appellant fired the gun, she and Toney both ran back to the car and "sped off." However, appellant continued to shoot at the car as it drove away. Bailey stated that she was shot in her leg and finger and that Toney was shot in the back. According to Bailey, neither she nor Toney had any weapons.
>
> Appellant's girlfriend, Sarah Lewis, testified that she was with appellant when the shooting occurred. According to Lewis, she and appellant were walking back across the street from a gas station to the motel. As Lewis walked into one of the motel rooms a vehicle pulled up "really quickly." Lewis testified that appellant did not make it into the motel room before the confrontation began. She stated that she entered into the motel room and put her "stuff" down and then began to hear gunshots. Lewis said that she initially feared that appellant "was getting shot." However, when she stepped outside of the motel room, she saw appellant "shooting the gun." Lewis testified that after appellant stopped shooting, he gave her the gun and they parted company. According to Lewis she then discarded the gun.
>
> Following the close of all the evidence, appellant requested the trial court grant a self-defense without fault (justifiable self-defense) jury instruction. The Commonwealth requested a self-defense with fault (excusable self-defense)

---

[1] Toney and Bailey were looking for Mr. White because of "an 'incident' that had occurred the night before. The 'incident' was an alleged armed robbery of Toney's residence by [Mr. White] the night before the shooting." Dkt. 9-1. at 48–49 n.2. Trial counsel filed a "motion *in limine* to exclude any evidence of the event, which the trial court granted in part, and denied in part. The court excluded any specific reference to a robbery, but permitted reference to an 'incident' as 'there may be animosity between the parties which may be relevant.'" *Id.*

2

> instruction if the trial court was going to grant a self-defense instruction. After hearing argument, the trial court granted both instructions. The jury convicted appellant of possession of a firearm by a violent felon, two counts of unlawful wounding, and unlawfully shooting at a motor vehicle. Appellant was sentenced to thirteen years' incarceration.

*Id.* at 48–49 (footnotes omitted).

The Virginia Court of Appeals found the trial court did not err in granting the Commonwealth's excusable self–defense instruction and, in the alternative, found that "any error by the trial court in granting the Commonwealth's excusable self–defense jury instruction was harmless because the jury concluded that appellant did not act in self–defense." *Id.* at 52 n.5 (citing *Turman v. Commonwealth*, 667 S.E.2d 767, 771 (2008) ("[A] nonconstitutional error is harmless . . . '[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.'" (quoting Va. Code § 8.01-678)). Mr. White did not file a petition for appeal in the Virginia Supreme Court.

Mr. White, proceeding *pro se*, executed a state petition for a writ of habeas corpus on March 12, 2021, which he filed in the circuit. The petition raised six claims:

> A. "Ineffective assistance of counsel in violation of petitioner's (6th Amendment) and (*Strickland v. Washington*, 466 U.S. 668) for not going over any discovery or trial tactics with defendant."
>
> B. "Ineffective assistance of counsel in violation of petitioner's (6th and 14th amendment) and (*U.S. v. Luck*, 611 F.3d 183) for not requesting a[n] informant instruction when the witness Sarah Lewis was getting immunity for her testimony."
>
> C. "Denied a fair trial in violation of Petitioner's (14th Amendment) and (*U.S. v. Auten*, 642 F.2d 478) after key witness/victim committed perjury and the Commonwealth tried to cover it up."
>
> D. "Denied a fair trial in violation of petitioner's (14th Amendment) and (*Francis v. Franklin*, 471 U.S. 307) when the instruction to the jury was granted against defense's objection."
>
> E. Petitioner denied due process and a fair trial in violation of petitioner's (14th amendment) and (*Miller v. North Carolina*, 583 F.2d 701) for prosecutor stating facts not presented at trial (type of gun) when no gun was found."

3

    F. Counsel was ineffective in violation of petitioner's (6th and 14th amendment) and (*Kimmelman v. Morrison*, 477 U.S. 365) for not requesting 3 panel judge consideration."

Dkt. 10-3 at 4–6. On February 24, 2023, the circuit court found the petition was untimely under Virginia Code § 8.01–654(A)(2) and dismissed the petition. Dkt. 10-4 at 5.

Mr. White filed a motion for reconsideration on March 13, 2023, which was denied on March 22, 2023. Dkt. 10-5 at 1; Dkt. 10-6. Mr. White filed a second motion for reconsideration on January 25, 2024 which complained that the attorney appointed to represent him in the state habeas, after it had been filed, did nothing to assist him—"Petitioner had no assistance provided at all." Dkt. 10-7 at 1–3. In response, the Respondent noted that the petition had been dismissed as untimely under Virginia Code § 8.01–654(A)(2) and there were no viable arguments for tolling. Dkt. 10-9 at 6–7. Respondent also noted that the court lacked jurisdiction under Va. S. Ct. Rule 1:1 because more that twenty-one days had passed since the entry of judgment on February 24, 2023, and the lack of assistance by habeas counsel was not a "vital fact," that would allow the court to vacate its judgment. Dkt. 10-9 at 7–8, 9. On September 11, 2024, the court found "that the Court's mistaken belief that the Petitioner was *pro se* was not a 'vital fact' that would lead the court to vacate its prior judgment pursuant to Virginia Code § 8.01–677," and denied the second motion to reconsider. Dkt. 12-1. There was no appeal from the denial of either motion for reconsideration.

On January 11, 2024,[3] Mr. White executed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, and raises six grounds for federal habeas corpus relief:

    A. "Ineffective assistance of counsel in violation of petitioner's (6th Amendment) and (*Strickland v. Washington*, 466 U.S. 668[)]."

---

[3] The January 11, 2024 date is the earliest the petition could have been delivered to the prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (a pleading is filed at the time a prisoner delivers it to the prison authorities for forwarding to the court clerk).

4

B. "Ineffective assistance of counsel in violation of petitioner's 6th and 14th amendment and (*U.S. v. Luck*, 611 F.3d 183) counsel did not request an informant instruction. Informant/Petitioner's codefendant was getting immunity for her testimony and the Jury wasn't aware."

C. "Denied a fair trial in violation of Petitioner's 14th Amendment and (*U.S. v. Auten*, 642 F.2d 478). Witness/victim committed perjury and the Commonwealth tried to cover it up."

D. "Denied a fair trial in violation of petitioner's 14th Amendment and (*Francis v. Franklin*, 471 U.S. 307). When the court granted the instruction to the jury with fault where no proof was giving [sic] against defense objection."

E. Petitioner denied due process and a fair trial in violation of petitioner's 14th amendment and (*Miller v. North Carolina*, 583 F.2d 701) for prosecutor stating facts not presented at trial (type of gun) when no gun was found."

F. Counsel was ineffective in violation of petitioner's 6th and 14th amendment and (*Kimmelman v. Morrison*, 477 U.S. 365) for not requesting 3 panel judge consideration."

Dkt. 1 at 4–9, 13. The respondent argues that Mr. White's petition is untimely. Dkt. 10 at 4. The Court finds that Mr. White's petition is time–barred.

## II. Statute of Limitations

Under the Anti–terrorism Effective Death Penalty Act ("AEDPA"), a petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state–created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)–(D). To be properly filed, the petition must be delivered in compliance with the applicable laws and rules governing filings, including format and time requirements. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The United States Supreme Court has emphasized that an untimely state petition is not properly filed. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005).

In this case, Mr. White's convictions became final on Friday, June 14, 2019, the last day on which he could have sought an appeal to the Virginia Supreme Court from the Virginia Court

5

of Appeals' denial of his petition for appeal on May 15, 2019.[4] Hence, his federal statute of limitations lapsed on Monday, June 15, 2020.[5] The federal petition was not filed, at the earliest, until January 11, 2024, which is over three years after the statute of limitations lapsed. *See* 28 U.S.C. § 2244(d)(1)(A). Absent statutory or equitable tolling, the petition is time barred.

*A. Statutory Tolling*

Under AEDPA, a state prisoner must file his petition for a writ of habeas corpus within one year of the completion of the state court direct review process. 28 U.S.C. § 2244(d)(1)(A). In calculating the one-year period, the Court must exclude the time during which any properly filed state collateral proceedings were pending. *See* 28 U.S.C. § 2244(d)(2); *see also Pace*, 544 U.S. at 417 (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Here, Mr. White filed a state habeas petition, at the earliest, on March 12, 2021. Dkt. 10-3 at 7. At that time, the statute of limitations had already lapsed. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir.

---

[4] In calculating when direct review ends, the 90-day period for filing an application for writ of certiorari with the United States Supreme Court is not included when a habeas petitioner does not properly maintain a direct appeal through the highest available state court. *Miller v. Hooks*, 749 F. App'x 154, 159 (4th Cir. 2018) ("[A] state conviction for a petitioner who does not appeal to the state court of last resort becomes final when the time for seeking further review in state court expires.") (citing *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (if a state prisoner "does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking review expires")); *Gonzalez*, 565 U.S. at 150 (holding that if a petitioner does "not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired"); *accord Riddle v. Kemna*, 523 F.3d 850, 855 (8th Cir. 2008) (holding "that, because the United States Supreme Court could not have reviewed [petitioner's] direct appeal, 'the expiration of time for seeking [direct] review' does not include the 90-day period for filing for certiorari") (second alteration in original) (quoting *Hemmerle v. Arizona*, 495 F.3d 1069, 1074 (9th Cir. 2007)); *Pugh v. Smith*, 465 F.3d 1295, 1300 (11th Cir. 2006) (because petitioner did not seek review from the Supreme Court of Georgia after his direct appeal was affirmed by the Georgia Court of Appeals, he was not entitled to the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court).

[5] Because Mr. White's one-year period ended on a weekend, Sunday, June 14, 2020, the statute of limitations lapsed on Monday, June 15, 2020.

2003) ("The tolling provision does not, however, 'revive' the limitations period (*i.e.* restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.") (citation omitted); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post–conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one–year limitations period if such period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where a state court application for post–conviction relief is filed after the one–year statute of limitations has expired, it does not toll the statute because no time remains to be tolled).[6]

Because the federal statute of limitations had lapsed before the state habeas petition was filed, the state petition does not toll anything because there is no time left to toll. Accordingly, there is no basis for statutory tolling in this case.

## B. Equitable Tolling

To qualify for equitable tolling, a petitioner must demonstrate "(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" that prevented timely filing. *Pace*, 544 U.S. at 418. A petitioner asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate fulfillment of both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304,

---

[6] Moreover, the circuit court determined that the state petition was barred as untimely pursuant to the state habeas statute of limitations. Dkt. 10-4 at 5. The state petition was not timely filed and could not serve to toll the federal statute of limitations even if it had not lapsed. *See Pace*, 544 U.S. at 417 (holding petitioner was not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) where state habeas petition was dismissed as untimely); *Artuz*, 531 U.S. at 8 (holding a state collateral proceeding is not "properly filed" for purposes of tolling the federal limitations period if it is filed untimely).

1307 (11th Cir. 2008)). "Equitable tolling is an exceedingly narrow window of relief." *Finch v. Miller*, 491 F.3d 424, 427–28 (8th Cir. 2007) (citation omitted). Indeed, equitable tolling is available only in "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Green v. Johnson*, 515 F.3d 290, 304 (4th Cir. 2008) (citation omitted).

In addition, a petitioner generally is obliged to specify the steps he took in diligently pursuing his federal claim. *Spencer v. Sutton*, 239 F.3d 626, 630–31 (4th Cir. 2001) ("it is apparent that [petitioner] has delayed at every juncture of his post-plea, state and federal proceedings" and he pursued "no collateral relief in the meantime, even though he knew the information on which he now bases his *Brady* claim"). In addition, the petitioner must "demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).

Here, Mr. White has not argued he is entitled to equitable tolling of the federal statute of limitations, that he was prevented from filing his federal petition in a timely matter, or that he was diligent. Further, the record does not suggest equitable tolling was warranted.

### III. Certificate of Appealability

According to Rule 11(a) of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. 11(a), Rules Governing Section 2254 Cases U.S. District Courts; *see also* 28 U.S.C. § 2253(c)(1)(A) (prohibiting an appeal to the respective court of appeals from a final order concerning a habeas corpus petition "[u]nless a circuit justice or judge issues a certificate of

appealability"). A certificate of appealability ("COA") will not issue absent "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were '"adequate to deserve encouragement to proceed further."'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where a district court dismisses a petition solely based on procedural grounds, and does not address the underlying constitutional claims, *Slack* instructs the court to issue a COA only when the petitioner demonstrates that "jurists of reason" would find both the petition's "claim of the denial of a constitutional right" and the district court's dispositive procedural ruling "debatable." *Id.* at 484. As to whether the procedural ruling is "debatable[,]" *Slack* further advises that when the procedural bar present is "plain" and "the district court is correct to invoke it to dispose of the case," "jurists of reason" could not find "that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.*

Here, Mr. White's petition will be dismissed because Petitioner failed to file his federal petition for a writ of habeas corpus within the one–year statute of limitations permitted under 28 U.S.C. § 2244(d)(1). Where such "a plain procedural bar is present[,]" this Court finds that "jurists of reason" would not and could not "find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Thus, this Court will not issue a COA to Petitioner.

Mr. White may, however, seek a COA from the United States Court of Appeals for the Fourth Circuit. Where a district court denies a COA, the petitioner "may not appeal the denial but

may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."

R. 11(a), Rules Governing Section 2254 Cases U.S. District Courts.

## IV. Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss (Dkt. 9) will be granted. An appropriate Order and judgment shall be issued.

Entered this 3rd day of March, 2025.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge